DEVIN DERHAM-BURK, #104353
CHAPTER 13 STANDING TRUSTEE
DEVIN L. PACE #256514
NANETTE DUMAS #148261
JANE Z. BOHRER #243692
P.O. BOX 50013
SAN JOSE, CA 95150-0013

TELEPHONE: (408) 354-4413
FACSIMILE: (408) 354-5513

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

IN RE:

GUILLERMO AZUA, JR. and
JACQUELINE AZUA,

Debtors.

CHAPTER 13 CASE NO. 10-57746 MEH

**OBJECTION OF TRUSTEE TO DEBTORS' MOTION TO VALUE SECURITY AND AVOID LIEN OF JPMORGAN CHASE BANK, N.A. AND REQUEST FOR HEARING THEREON**

Date: None Set
Time: None Set
Judge: Hon. M. Elaine Hammond

Devin Derham-Burk, the Chapter 13 Standing Trustee ("Trustee"), objects to Debtors' Motion to Value Security and Avoid Lien of JPMorgan Chase Bank, N.A., which Debtors filed on May 22, 2015 ("Lien Valuation Motion"). [Docket # 71]. In support thereof, the Trustee states as follows:

**Factual Background**

On July 27, 2010, debtors Guillermo and Jacqueline Azua ("Debtors") filed a chapter 13 petition and a proposed plan of reorganization through their original counsel, T. Kevin

Dougherty.[1] [Docket # 1 and # 5]. When they filed for bankruptcy protection, Debtors owned a home located at 1908 Chelsea Court in Salinas, California ("Property"). On Schedule A, Debtors listed a petition date value for the Property of $640,000. The Property is encumbered by two deeds of trust. According to their Schedules, Debtors owe JP Morgan Chase Bank ("Chase") $674,639 pursuant to a note that is secured by a first deed of trust against the Property. Debtors also scheduled a second deed of trust in favor of Chase securing debt in the amount of $78,751. According to the proofs of claim on file, the petition date debt secured by the first deed of trust against the Property is $694,681, slightly more than the scheduled amount. No proof of claim has been filed with respect to the debt secured by the second deed of trust.

Debtors filed a First Amended Chapter 13 Plan ("Plan") on September 20, 2010. [Docket # 16]. The Court confirmed the Plan on December 29, 2010. [Docket # 32]. Debtors' Plan, as confirmed, treats Chase as fully secured with Debtors directly making on-going payments on the debt secured by both the first and second deeds of trust. [Docket # 16]. The Plan does not anticipate any motions to value collateral or avoid liens and none was filed or determined prior to confirmation. The Plan further provides that property of the estate re-vests in Debtors upon confirmation of the Plan.

On May 12, 2015, Debtors' current counsel, attorney Ralph Guenther, filed a motion to modify Debtors' confirmed Plan ("Modification Motion"). [Docket # 68]. The Modification Motion does not request any specific modifications of Debtors' Plan. Nevertheless, paragraph 5 of the May 12 Motion states:

> Debtors' reason(s) for requesting the above modification [none set forth] are: **Debtors elect to revest the real property located at 1908 Chelsea Ct., Salinas, California 93905 to the bankruptcy estate. Debtors are filing a motion to avoid the lien by Chase (Acct #4781).**

---

[1] During this case, Mr. Dougherty retired from private practice. Approximately a month ago, on May 12, 2015, attorney Ralph Guenther substituted in as Debtors' counsel of record. [Docket # 67].

AZUA 10-57746 MEH      OBJ. TO DEBTORS' MOTION TO VALUE AND AVOID LIEN Page 2 of 3

Case: 10-57746    Doc# 74    Filed: 06/10/15    Entered: 06/10/15 11:43:12    Page 2 of 3

[Docket # 68 (bold in original)]. On May 22, 2015, Debtors filed the current Lien Valuation Motion, along with a Notice of Opportunity for Hearing, which seeks to value and strip Chase's junior lien from the Property. [Docket # 71 and # 72].

**Analysis**

Upon confirmation, the terms of Debtors' Plan immediately re-vested all property of the estate back in the Debtors. As a result, this Court has lost jurisdiction over the Property and cannot grant Debtors' request to strip Chase's junior lien from the Property.

In an attempt to obtain the relief they seek, Debtors have filed their Modification Motion. While the form of the Modification Motion renders it ineffective, statements made therein suggest that Debtors want to put the Property back into their bankruptcy estate, thereby reviving the Court's jurisdiction over the Property and allowing the junior lien to be stripped. Concurrently herewith, the Trustee is amending her objection to both the form and substance of Debtors' Modification Motion. For the reasons explained in the Trustee's amended objection to the Modification Motion, Debtors cannot use 11 U.S.C. § 1329 to revise the vesting election contained in their confirmed Plan. Because the confirmed Plan revested the Property in Debtors upon confirmation, this Court has no jurisdiction to grant the relief requested in the current Lien Valuation Motion.

WHEREFORE, for each and all of the foregoing reasons, the Trustee asks that the Court deny the Lien Valuation Motion.

June 10, 2015                                        Respectfully submitted,

                                                           /s/ *Jane Z. Bohrer*
                                                           Attorney for Chapter 13 Trustee